Gheen, J.
delivered the opinion of the court.
The plaintiff in error was indicted in the criminal court at Memphis, for murder in the first degree. He was arraigned, pleaded not guilty, and was put on his trial. The jury found the defendant not guilty “of murder as charged in the bill of indictment; but that they find him guilty of voluntary manslaughter in manner and form as charged in the indictment.”
*413 The defendant moved for a new trial, and the court sustained his motion, and ordered that the verdict of the jury-be set aside, and that a new trial be granted.
At a subsequent term, the defendant filed a plea of autre fois acquit; which plea set out the indictment and the proceedings of the previous trial, and alleged that the jury “upon their oaths did say, that the said James C. D. Slaughter was not guilty of the said felony and murder by the said indictment supposed and laid to his charge.”
To this plea, the attorney general replied nul tiel record. The defendant demurred to the replication, which was overruled by the court, and the defendant rejoined; whereupon, the court, upon inspection, determined that the defendant was not fully acquitted and discharged of the felony wherewith he was charged in the bill of indictment, and, therefore, there was not such a record of acquittal as the defendant in his plea alleged, and that he answer the indictment.
The court then proceeded to empannel a jury, who were sworn to try the issue joined at a former term of the court. The jury found the defendant guilty of manslaughter, and that he be imprisoned in the penitentiary three years. The court pronounced judgment on this verdict, and the defendant appealed to this court.
It is now earnestly argued that the prisoner should have been discharged upon his plea of autre fois acquit.
It is admitted that, in this indictment for murder in the first degree, it contained a charge of every grade of felonious homicide — consisting of murder in the first and second degree, and of voluntary and involuntary manslaughter. The jury found the defendant guilty of voluntary manslaughter; the plea, therefore, which averred that the defendant was fully acquitted of the felony and murder charged in the indictment, was not supported by the record; first, because the jury do not say they find him not guilty of the felony, but only not guilty of the murder; .for they immediately proceed to announce him guilty of a felony charged in the indictment. The plea contains an averment of an entire acquittal, whereas the record shows a conviction of one offence charged in the indictment. But, secondly, the plea purports *414 to set out the verdict rendered by the jury in the cause; but stops short of stating it fully, and thereby fails to state it truly. For these reasons, the court was right in deciding that there was no such record as that set out in the defendant’s plea.
The question is now presented, whether the court erred in putting the defendant on his trial a second time upon this indictment. There is no bill of exceptions, and the record does not state whether the court directed the jury to confine their inquiry to the question of manslaughter. If he were tried for murder, it was erroneous, and had he been convicted for that offence, the court would certainly have reversed the judgment. . In the case of State vs. Norvell, (2 Yerg. R. 33,) it is decided, and we think correctly, that a verdict of acquittal upon a good indictment is a bar under our constitution to any subsequent trial 'for an offence affecting life or limb, although no judgment was ever entered.' From the verdict, as it- is recorded, it is to be inferred that the defendant was tried for manslaughter only. The jury say the defendant is guilty of manslaughter, and say nothing as to the murder; thereby indicating that they were instructed to regard the question of murder as settled by the former verdict. But, if the record made it appear that the defendant was erroneously tried a second time for' the murder, such erroneous proceedings wrought no injuiy to him; he is found guilty of manslaughter only, and is in no worse situation than if he had been put on his trial for that offence alone.
But, it is alleged that the defendant could not properly be tried on this indictment for manslaughter, because it contains a charge of murder, and the jury might have found him guilty of murder. • We do not perceive the. force of this argument. In the case of Campbell vs. the State, (9 Yer. R. 333.) this court held that the party was protected from a subsequent trial upon the counts in the indictment of which he had been acquitted on a former trial; he could be rightfully tried on the count of which he was convicted alone. Now, it would be just as easy for the court, on an indictment for murder, to direct the jury to confine their inquiry to the charge of manslaughter, as to direct them to confine their inquiry to *415 one count of an indictment containing several counts. There could be no more danger, therefore, to the defendant to- be put opon his trial for manslaughter in this indictment, than would have, been incurred had a nolle prosequi been entered and a new indiétment found, charging him with manslaughter only.. Neither the case of Norvell vs. the State, nor Campbell vs. the State, is authority against the proceedings of the'circuit court in this case. In the former case, the court do not indicate that the party acquitted of the murder and convicted of manslaughter, may not (the verdict having been set aside) be tried again for the manslaughter. And it it is very clear, from the case of Campbell vs. the State, that if he had been convicted on the second count at the last trial and acquitted on the other counts, there would have been no error in the case. But he had been acquitted on the first and third counts, on the first trial, and convicted on the second; and on the last trial, .he was acquitted of the first and second, and convicted of the third count. The court said, that, having been previously acquitted of the third count, it was error to try him again on the same charge. The case before us is wholly different. Here, the party is convicted of manslaughter, obtains a new trial and is tried again, and is again convicted of manslaughter; and the only objection is, that the indictment upon which he was tried contains a charge of murder.
The order granting a new trial may have had the effect of setting aside the entire verdict; but as the verdict of acquittal of the murder protected the defendant, by the constitution, from any subsequent trial for that offence, the court, at the subsequent trial, having the whole record before him, was bound to see that he was protected, and to regard so much of the order setting aside the verdict as a nullity, and so to try him for manslaughter only, which we must presume was done.
Upon the whole, we think there is no error in the record, and affirm the judgment.